IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRADFORD S. DAVIC,

          Petitioner,

   v.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,

          Respondent.

CASE NO. 2:13-cv-00736
JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth A. Preston Deavers

## OPINION AND ORDER

On November 12, 2014, final *Judgment* was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on Petitioner's December 8, 2014 *Notice of Appeal*, which the Court construes as a request for a certificate of appealability, and *Motion for Leave to Appeal in forma pauperis*. (ECF Nos 14, 15.) For the reasons that follow, Petitioner's request for a certificate of appealability and *Motion for Leave to Appeal in forma pauperis* on appeal are **DENIED**. (ECF Nos.14, 15.)

Petitioner challenges his convictions made pursuant to his guilty plea in the Franklin County Court of Common Pleas on four counts of rape, one count of importuning, and one count of gross sexual imposition. He asserts that his guilty plea was not knowing, intelligent, and voluntary, that his sentence violates the Eighth Amendment and the Equal Protection Clause, and that the state courts improperly imposed excessive bail. This Court dismissed the latter claims as procedurally defaulted based on Petitioner's failure to raise the claims on direct appeal. In view of a record that contradicted Petitioner's claim that he did not knowingly, intelligently, or voluntarily enter his guilty plea, the Court dismissed such claim on the merits.

When a claim has been denied on the merits, a certificate of appealability may issue only if a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Id*. (citing *Barefoot,* 463 U.S. at 893, and n.4).

When a claim has been denied on procedural grounds without reaching the merits of a petitioner's claim, a certificate of appealability should issue where the prisoner shows that reasonable jurists could debate "whether the petition states a valid claim of the denial of a constitutional right" *and* "whether the district court was correct in its procedural ruling." *Id.* at 484.

The Court is not persuaded that Petitioner has met these standards here.

Petitioner also has filed a request to proceed *in forma pauperis* on appeal. Pursuant to 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the appeal is not taken in good faith. Federal Rule of Appellate Procedure 24(a)(3)(A) provides:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> > (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith[.]

*Id.* In addressing this standard, another court has explained:

> The good faith standard is an objective one. *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id*. Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis. See Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2d Cir. 1983).

*Frazier v. Hesson*, 40 F. Supp. 2d 957, 967 (W.D. Tenn.1999). Further,

> "the standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill–Masching*, 2002 WL 15701, * 3 (N.D. Ill. Jan.4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000).

*Penny v. Booker*, No. 05–70147, 2006 WL 2008523, at *1 (E.D. Mich. July 17, 2006).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal is not in good faith.

Petitioner's request for a certificate of appealability and *Motion for Leave to Appeal in forma pauperis* on appeal are **DENIED**.  (ECF Nos, 14.15.)

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
GREGORY L. FROST
United States District Judge